United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30652
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIANO MENDEZ RAMOS, also known as Chinning,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20084-2
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luciano Mendez Ramos appeals the sentence imposed following
his guilty plea conviction of conspiracy to possess and
distribute cocaine and marijuana and money laundering conspiracy,
in violation of 18 U.S.C. § 1965(h) and 21 U.S.C. § 846. Without
providing a clear explanation of the guidelines application that
purportedly supports his position, Ramos argues that the district
court erred when it calculated his sentence because the counts
should have been grouped for sentencing purposes and the money

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

laundering count should not have been used to increase his offense level.

Ramos's argument is premised upon his repeated assertion that the district court erred by failing to group his counts of conviction. However, Ramos's sentence is based upon the district court's correct application of the grouping rules set forth in the Guidelines. As his counts were in fact correctly grouped by the district court, Ramos's argument is without merit. See U.S.S.G. § 2D1.1 (governing drug trafficking offenses); U.S.S.G. § 2S1.1 (governing money laundering offenses); U.S.S.G. § 3D1.2(d) (offenses covered by § 2D1.1 and § 2S1.1 "are to be grouped" pursuant to subsection (d)); U.S.S.G. § 3D1.3(b) (when counts involve offenses of the same general type to which different guidelines apply, the district court is to apply the offense guideline that produces the highest offense level).

Furthermore, Ramos's reliance upon United States v. Rice, 185 F.3d 326 (5th Cir. 2005), and United States v. Haltom, 113 F.3d 43 (5th Cir. 1997), is misplaced. In both Rice and Haltom this court determined that the district court erred by failing to group the counts of conviction. See Rice, 185 F.3d 326-29; Haltom, 113 F.3d at 45-46. As discussed above, in Ramos's case, the district court correctly grouped Ramos's conviction counts in accordance with the grouping rules set forth in the Guidelines. Rice and Haltom are therefore inapposite.

For the foregoing reasons, the judgment of the district court is AFFIRMED.